IN RICHMOND SUPERIOR COURT, JUNE TERM, 1831.

## WALTER DUBOIS *vs.* The CITY COUNCIL of AUGUSTA.

### *Certiorari.*

The city council of Augusta have the power to establish and enforce such by-laws, rules and ordinances respecting the harbor and wharves and every regulation that shall appear to them requisite for the security, welfare and convenience of the city ; provided they be not repugnant to the Constitution and laws of the land.

THE plaintiff, who is captain of the steamboat John David Mongin, trading between Charleston and Augusta, having been fined by the city council for a violation of the forty fourth section of their general ordinance, by bringing his boat, which had come from Charleston then infected with small-pox, directly to the wharf at Augusta, without conforming to the regulations of the ordinance, complains of error in their proceedings, and assigns for error, 1st. That there was no order of the council requiring boats to submit to quarantine, and it was not shown that the disease in question was generally prevalent in Charleston. 2d. That the testimony received by the council was as to the bringing a diseased person to the city ; an act not prohibited by the section, for the violation of which, plaintiff was tried. 3d. That the offence of which plaintiff was guilty, if guilty at all, was against the laws of the state, and therefore the city council had no jurisdiction of the matter, which was insisted on at the trial, but overruled by the council.

The section of the general ordinance in question directs that " Boats of all kinds which shall contain any damaged corn or putrid substance of any kind, or which shall come from any place infected with malignant or contagious disease, shall anchor in the middle of the River opposite to the lower platform below the bridge, and there remain, with all the crew and passengers on board, until examined by the Hospital Physician, or such other physician as the council may appoint for that purpose."

RICHMOND,
June, 1831.

DUBOIS
v.
CITY COUNCIL
of AUGUSTA.

The first ground of error seems to have been assumed from a misapprehension of the ordinance itself, which is of uniform and permanent operation, liable certainly to be modified, suspended or revoked, but until so suspended, modified or revoked, obligatory upon all persons bringing boats to the city without further notice than was given by its original promulgation.

Nor is the provision of the ordinance that the malignant or contagious disease sought to be guarded against should be " generally prevalent" at the place from which the boat may come. If a place be ' infected ' with such disease, all boats coming from it are subject to the regulations of the ordinance, and of it, captains of boats are bound to take notice. The evidence before the council proved the existence of small pox in Charleston at the departure of the John David Mongin, and of a case occurring on board the boat during her passage. Whether the case were known to the plaintiff to be small-pox, or believed by him to be measles, does not vary the question. Small-pox existed in Charleston whence the boat came, and a case even of measles occurring on board should have awakened the attention of the captain, and required from him a most careful and exact conformity to the quarantine regulations of the city, on his arrival. The safety of a whole community is not to be hazarded upon the speculations of any captain of a boat, upon the particular nature of a disease.

The 2d ground of error is so connected with, and involved in the 3d, that they cannot well be separated ; for if the case were within the jurisdiction of the city council, evidence of small-pox on board the boat, was proper to prove the place from which she came infected with that disease, and that the diseased person came from Charleston. The return to the certiorari shows that the plaintiff was not tried or fined for bringing the patient into the city, but for bringing his boat from a place infected with a malignant or contagious disease directly to the wharf without conforming to the regulations of the ordinance. We will then examine whether the subject matter of this section be within the jurisdiction of the city council, or whether the violated regulations were such as the city council might legally make.

The charter of 1798 vests the council with full power to establish by-laws, rules and ordinances respecting the ' Harbor' and ' Wharves,' and " every other by-law or regulation that shall appear to them requisite and necessary for the security, welfare and convenience of the said city." Unless then there be something in the Constitution or laws of the state to render this grant of power void, there can be no doubt of the jurisdiction of the council over this matter, or of the legality of the regulation ; for it is not only included in the general grant, but is to be found among the subjects specially enume-

RICHMOND,
June, 1831.

DUBOIS
v.
CITY COUNCIL
of AUGUSTA.

rated. The rule for ascertaining the extent of the council's jurisdiction which was adopted in the case of O'Donnel *vs.* The City Council is believed to be the true one. That rule restrains the council to such matters, whether specially enumerated or included under general grant, as are indifferent in themselves, that is, such matters as are free from constitutional inhibition, and have not been the subject of general legislation: Or as it is expressed in the charter, are not ' repugnant to the Constitution or laws of the land.'

It is said the very matter of this section of the ordinance, has been the subject of legislation, and that the act for which the plaintiff was tried by the council, is prohibited by the 16th sec., 9th division of the penal code of 1817. If this were so, then according to the rule laid down, the section of the ordinance in question would be void, and every act of the council under it illegal: But upon an examination of the law and the ordinance, it will be seen that the acts prohibited by each are distinct. The law prohibits " any person *coming into this state* by *land* or water, from any place infected with a contagious disease, and in violation of quarantine regulations." The ordinance prescribing *the duty of captains of boats in the state*, coming from any place infected with contagious disease, whether that place be *within* or without the state ; is altogether of municipal regulation, and prohibits the bringing their boats to the city, until they shall have first anchored at the place indicated, and been there examined by the Hospital Physician. That portion of the penal code cited, being the only law with which the ordinance seems to conflict, and the court being of opinion that between them there is no repugnancy whatever, sustains the legality of the ordinance, and of the proceedings of the city council in this case, under it.

It is ordered that the certiorari be dismissed, and that the plaintiff pay costs.